UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERRY R. GETHERS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00177 (VLB) |
| | : | |
| ROBERT A. McDONALD, | : | |
| UNITED STATES OF AMERICA, | : | May 1, 2017 |
| DEPARTMENT OF VETERANS | : | |
| AFFAIRS VINS 1, OFFICE OF | : | |
| EMPLOYMENT DISCRIMINATION | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE  [DKT. 69 at 94]**

I.  **Introduction**

Plaintiff Terry Gethers ("Gethers" or "Plaintiff") brings this employment discrimination action against the Secretary of the Department of Veteran's Affairs[1] ("Defendant") under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*.  The parties submitted their Joint Trial Memorandum on April 25, 2017, in which Defendant included a Motion in Limine challenging five categories of evidence offered for trial.  [Dkt. 69 at 94.]  For the reasons that follow, Defendant's Motion is GRANTED in part and DENIED in part.

II.  **Bystanders' Opinions**

Defendant first disputes the "variety of witnesses" Plaintiff offers to "second-guess VISN-1 employment decisions in the aggregate."  [Dkt. 69 at 95.]

---

[1] Plaintiff initially brought this action against then-Secretary of Veterans Affairs Robert McDonald, among other now-dismissed Defendants.  Since Plaintiff initiated this action, David Shulkin was appointed to replace Mr. McDonald as Secretary of Veterans Affairs.

1

Defendant asserts the Court may not second-guess an employer's business judgment, and witness testimony offered to support such second-guessing is inadmissible. *Id*. at 95-96.

Opinion testimony by lay witnesses is only admissible if (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Absent an offer of proof that the witnesses in question were present for Plaintiff's and the successful candidate's interviews or participated in any aspect of the hiring process, their testimony regarding the hiring decision cannot be "rationally based on the witness's perception" as required under Federal Rule of Evidence 701(a). For example, witnesses not present at the candidates' interviews did not observe the candidates' expressions, intonation, timing, or other factors bearing on their suitability for the job in question, and could not offer an opinion of the hiring decision based on their own rational perceptions of the hiring process.

In addition, the Court does not currently have sufficient information to determine that the lay opinions of witnesses regarding the propriety of Defendant's hiring decision would be "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(b). The fact at issue in this case is whether the legitimate, non-discriminatory reason Defendant has offered for his hiring decision is "mere pretext" for age or race discrimination. [Dkt. 47 (Summary Judgment Decision narrowing issues for trial);

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973) (stating the standard for proving employment discrimination).] To establish mere pretext, Plaintiff may offer evidence of the employer's treatment of Plaintiff during his prior term of employment, the employer's reaction to Plaintiff's legitimate civil rights activities, the employer's "general policy and practice with respect to minority employment" (*McDonnell Douglas Corp.*, 411 U.S. at 803-04), or "circumstantial evidence" that "no reasonable person . . . could have chosen the candidate selected over the plaintiff," the employer's hiring decision may not stand. *Barry v. New Britain Bd. of Educ.*, 300 F. App'x 113, 114 (2d Cir. 2008).

Conversely, Defendant is correct that the Court cannot supplant the decision of an employer, notwithstanding the contrary judgment of other co-workers. While "an employer's disregard or misjudgment of a plaintiff's job qualifications may undermine the credibility of an employer's stated justification for an employment decision," a Court "does not sit as a super-personnel department to reexamine a firm's business decisions about how to evaluate the relative merits of education and experience in filling job positions." *Byrne v. Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (superseded other grounds); *Newsom-Lang v. Warren Int'l, Inc.*, 80 F. App'x 124, 126 (2d Cir. 2003). Plaintiff has not established that the witnesses in question would offer testimony helpful to determining whether Defendant's hiring explanation is mere pretext for discrimination, as opposed to mere opinions offered to convince the Court to "sit as a super-personnel department."

Defendant's Motion in Limine to exclude bystanders' opinions of the hiring

process is GRANTED without prejudice to Plaintiff offering factual testimony about the witnesses' personal observations which would (i) tend to establish that Defendant's stated reasons for its hiring decision were not Defendant's true reasons or (ii) help the Court to understand either the witness's testimony or determine a fact in issue under Federal Rule of Evidence 701(b).  Plaintiff must also establish that any such testimony would be based on the rational perceptions of the witness regarding the hiring process under Federal Rule of Evidence 701(a).  Plaintiff is ordered to file any such offer of proof with the Court within seven days of the date of this Order, styled as an Opposition to Defendant's Motion in Limine.

III. <u>Qualifications and Experience not Presented to or Known by the Decisionmakers</u>

Defendants next challenge testimony regarding Plaintiff's and the successful candidate's work performance which Defendant asserts was not "known by or presented to the interview panelists or decisionmakers."  [Dkt. 69 at 97.]

As Defendant suggests, the issue in this case is limited to whether the hiring decision-makers violated Plaintiff's constitutional and statutory rights at the time of their decision with the information at their disposal.  However, The Court cannot prejudge whether Plaintiff intends to offer evidence unknown to the interviewers at the relevant time.  To the extent Plaintiff does intend to offer such evidence, it is irrelevant.  Defendant's Motion in Limine to exclude evidence unknown to the hiring decision-makers at the time of their decision is GRANTED

without prejudice to Plaintiff establishing its relevance in his Opposition to Defendant's Motion in Limine filed within seven days of the date of this Order.

IV. "Me, Too" Witness Testimony

Defendant also moves to exclude testimony of witnesses who would "recount their allegedly discriminatory experiences with the VA" as unduly prejudicial and irrelevant. Defendant is correct that, to the extent Plaintiff seeks to offer his coworkers' experiences with alleged discrimination as evidence of a pattern or practice of discriminatory employment practices, such evidence is inadmissible. Anecdotal employment decisions do not in and of themselves rise to the level of a general policy and practice. *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 270 (2d Cir. 1999) (finding evidence of other terminations of employees over the age of 60 insufficient to establish a pattern or practice of discrimination absent "a rather elaborate statistical analysis"). To establish a pattern or practice of discrimination, a plaintiff must establish that "intentional discrimination was the defendant's standard operating procedure." *Reynolds v. Barrett*, 685 F.3d 193, 203 (2d Cir. 2012). "[S]tatistics alone can make out a prima facie case of discrimination in a pattern-or-practice suit." *Id.* Plaintiff offers no such evidence here.

Nor may Plaintiff offer evidence of Defendant's other allegedly discriminatory hiring decisions "to prove [Defendant's] character in order to show that . . . [Defendant] acted in accordance with the character" when filling the May 7, 2012 job posting. Fed. R. Evid. 404(b). However, in certain situations "[e]vidence of a person's habit or an organization's routine practice may be

5

admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. "[E]vidence of discrimination by other supervisors is . . . neither *per se* admissible nor *per se* inadmissible." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008); *see also Hazelwood Sch. Dist. v. U.S.*, 433 U.S. 299, 310 n.15 (1977) ("Proof that an employer engaged in racial discrimination . . . might in some circumstances support the inference that such discrimination continued, particularly where relevant aspects of the decisionmaking process had undergone little change.").

A party offering evidence of habit "must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 542 (S.D.N.Y. 2005); *see also U.S. v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011) (excluding evidence of defendants' prior good acts to establish proof of habit under Rule 406, explaining a habit is "semi-automatic – it involves a person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time."). "It is only when examples offered to establish such a pattern of conduct or habit are numerous enough to base an inference of systematic conduct, that examples are admissible." *Zubulake*, 382 F. Supp. 2d at 542; *see also McCarrick v. N.Y.C. Off-Track Betting Corp.*, 91 Civ. 5626, 1995 WL 261516, at *5 (S.D.N.Y. May 3, 1995) (excluding testimony regarding "discrimination against several individuals under

varying circumstances" as "not the sort of repeated conduct covered by Rule 406").

To the extent Plaintiff impermissibly attempts to establish a pattern or practice of discrimination or that Defendant's character led him to discriminate against Plaintiff, it is inadmissible. However, Defendant has not identified the specific witnesses or testimony he asserts constitute impermissible "me too" evidence. The Court cannot determine in a vacuum whether any evidence Plaintiff offers will seek to establish a routine of discriminatory employment decisions without the requisite "specificity and frequency of uniform response" under Rule 406. *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 542 (S.D.N.Y. 2005). Nor can the Court determine with the information available whether such evidence would be more prejudicial than probative under Federal Rule of Evidence 403, or whether it will serve to establish or disprove an element of the race and age employment discrimination claims at issue in this case under Rule 401. Defendant's Motion in Limine to exclude "me too" testimony is accordingly DENIED without prejudice to Defendant establishing its inadmissibility upon its introduction at trial.

v. <u>**Evidence Regarding Subsequent Job Selections**</u>

Defendant also objects to evidence regarding vacancies that were filled after the hiring decision at issue. [Dkt. 69 at 97.] Defendant reasons "events arising after the selection at issue, particularly when they do not involve the same decisionmakers, do not shed any light on the other person's earlier motivations." *Id.* at 98.

As with Defendant's argument against evidence of subsequent hiring decisions, Defendant has not identified which specific witness or witnesses he seeks to preclude through this argument regarding subsequent job selections. Even if Defendant had identified disputed witnesses by name, Defendant's argument is predicated on facts not on record in this case, such as each disputed witness's role, if any, in the hiring decision at issue or any overtly discriminatory statements made by or to the disputed witness during any other hiring process. In addition, to the extent Plaintiff offers testimony of subsequent job selections to establish a routine practice of discrimination, the Court cannot yet determine whether Plaintiff's witnesses will establish a "regular practice of meeting a particular kind of situation with a specific type of conduct" under Rule 406. *Al Kassar*, 660 F.3d at 123; *see also supra*, Section IV. The Court does not have sufficient information to evaluate Defendant's argument, and it is accordingly DENIED without prejudice to Defendant establishing the inadmissibility of the evidence upon its introduction at trial.

VI. <u>Evidence of Preselection</u>

Lastly, Defendant asserts "Plaintiff should be precluded from arguing that the defendant's consideration of the successful candidate's voluntary early participation in the ARK/CIS initiative was discriminatory." [Dkt. 69 at 99.] Defendant is correct that the Court granted summary judgment as to Plaintiff's preselection claim, and determined that "[i]t would not be discriminatory preselection to choose . . . [the successful candidate] based on his initiative and familiarity with relevant technology." [Dkt. 47 at 27-28.] That is especially true

where, as here, the opportunity to participate was offered in a meeting to which the Plaintiff was invited to and chose not to attend. The fact that the successful candidate took advantage of an opportunity to obtain experience which enhanced his suitability for the promotion and the Plaintiff did not was not indicative of discrimination on the part of Defendant. Defendant's Motion in Limine to preclude Plaintiff from arguing that Defendant should not have considered Plaintiff's early participation in the ARK/CIS initiative is GRANTED.

VII. <u>Other Evidentiary Disputes Throughout the Joint Trial Memorandum</u>

In addition to Defendant's Motion in Limine, the parties have each raised relevance objections to witnesses and exhibits offered for trial. [Dkt. 69 (Joint Trial Memorandum).] The parties are reminded that the question for trial is whether Defendant discriminated against Plaintiff on the basis of his age and/or race in deciding not to appoint Plaintiff to the position posted on May 7, 2012 job posting. [Dkt. 47 at 28.] The Court determined on summary judgment that Plaintiff established a prima facie case of age and race discrimination and Defendant offered a legitimate, non-discriminatory reason for the hiring decision. [Dkt. 47 at 17-18.] The only remaining issue for trial is whether Defendant's legitimate, non-discriminatory justification for the hiring decision based on the May 7, 2012 job posting was mere pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (stating the elements of a race discrimination claim); *Byrne v. Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) (superseded other grounds) (stating the *McDonnell* proof framework applies race discrimination claims under Title VII as well as age discrimination

9

claims under ADEA). The Plaintiff can establish mere pretext through the types of evidence addressed above in Section II of this Decision. The parties are reminded that only evidence tending to prove or disprove mere pretext, with narrow exceptions, are relevant. Only relevant evidence may be admitted at trial. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

Before trial, the parties are instructed to review the Federal Rules of Evidence, including but not limited to Rule 403 regarding unduly prejudicial evidence, Rules 404, 405, and 406 regarding the admissibility of character evidence, and Rule 701 regarding opinion testimony by lay witnesses. The parties are to be prepared at trial to support arguments regarding the admissibility of evidence with citations to the Federal Rules of Evidence.

## VIII. Conclusion

For the foregoing reasons, Defendant's Motion in Limine is GRANTED in part and DENIED in part. Plaintiff may respond to the Court's decision to exclude evidence of bystanders' opinions and evidence of job candidates' qualifications and experience in an opposition filed on the docket within seven days of the date of this Order. Defendant may raise the inadmissibility of evidence regarding subsequent job selections and "me too" evidence upon its admission at trial.

IT IS SO ORDERED.

\_\_\_\_\_/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: May 1, 2017