UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERRY R. GETHERS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00177 (VLB) |
| | : | |
| ROBERT A. McDONALD, | : | |
| UNITED STATES OF AMERICA, | : | May 5, 2017 |
| DEPARTMENT OF VETERANS | : | |
| AFFAIRS VINS 1, OFFICE OF | : | |
| EMPLOYMENT DISCRIMINATION | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

I. **Introduction**

Plaintiff Terry Gethers ("Gethers" or "Plaintiff") brings this employment discrimination action against the Secretary of the Department of Veteran's Affairs[1] ("Defendant") under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. The parties submitted their Joint Trial Memorandum on April 25, 2017, in which Defendant included a Motion in Limine challenging five categories of evidence offered for trial. [Dkt. 69 at 94.] Plaintiff submitted a Motion in Limine Countering the Defense Motion ("Opposition") on April 27, 2016. [Dkt. 71.] Due to a clerical error, Plaintiff's Motion was not docketed until May 2, 2017. [Dkt. 75.] On May 1, 2017, the Court granted in part and denied in part Defendant's Motion in Limine and granted Plaintiff the opportunity to respond to certain issues within seven

---

[1] Plaintiff initially brought this action against then-Secretary of Veterans Affairs Robert McDonald, among other now-dismissed Defendants. Since Plaintiff initiated this action, David Shulkin was appointed to replace Mr. McDonald as Secretary of Veterans Affairs.

1

days of the date of that Order. [Dkt. 74.] Plaintiff has until May 8, 2017 to file a response addressing issues outlined in the Court's Order, at which point the Court will consider Plaintiff's Opposition [Dkt. 71] and any subsequent filing in tandem. However, Plaintiff's Opposition includes language which could be construed as a motion for reconsideration of the Court's summary judgment decision regarding Plaintiff's preselection claim. [Dkt. 71 at 8.] The Court addresses that argument now. For the reasons that follow, to the extent the Plaintiff seeks reconsideration, his request is DENIED.

II. Factual Background

The Court assumes familiarity with the overall facts underlying this action. The facts relevant to this motion are as follows. In his pleadings, Gethers alleged that Defendants "preselected" Christopher Falkner to manage a new initiative implementing an Anesthesia Record Keeping Clinical Information System ("ARK/CIS"). [Dkt. 12 at 9-10.] Defendants sought summary judgment on Plaintiff's preselection claim. [Dkt. 33.] As stated in the Court's Memorandum of Decision Granting in Part and Denying in Part Summary Judgment [Dkt. 47], the evidence established that VISN-1, a region of the Veterans Integrated Service Network, holds monthly meetings which are open, but not mandatory, to regional employees. [Dkt. 33-3 (Deposition Transcript of Terry Gethers ("Gethers Tr.") at 26.] Falkner regularly attended the monthly meetings through the relevant time period. [Dkt. 33-7 (Deposition Transcript of Christopher Falkner) ("Falkner Tr.") at 10.] Gethers attended regularly for a while, but stopped going as regularly at some point.

At one of the monthly meetings (the exact date of which has not been provided to the Court), VISN-1 sought volunteers to help integrate new technology in VA network hospitals. Falkner Tr. at 12. It was "typical for VISN-1 . . . to seek volunteers from the region's hospitals' [Clinical Engineering] services to assist with new initiatives and special projects." [Dkt. 33-8 (Second Declaration of Carolyn Mahoney) ("Mahoney Decl. 2") at 1.] Falkner expressed interest in the ARK/CIS project to managers in the regional VISN-1 office, and as a result became involved in early coordination efforts. Falkner Tr. at 12-13. Gethers chose not to attend the meeting at which volunteers were solicited, did not volunteer and did not participate in early coordination efforts. *See generally* Gethers Tr. at 26, 28 (stating Gethers stopped attending monthly VISN-1 meetings before the ARK/CIS announcement); Gethers Tr. at 30-31 (stating Falkner participated in early integration of ARK/CIS but Gethers did not).

Based on this evidence, the Court granted summary judgment as to Gethers' preselection claim. [Dkt. 47 at 27.] The Court reasoned that Gethers could have chosen to attend the monthly VISN-1 meeting at which the call for volunteers for the ARK/CIS program was announced. *Id*. With no evidence that Gethers was not permitted to attend the meeting and learn of the volunteer opportunity, the Court concluded Gethers' own decision not to attend led to his not availing himself of the opportunity. *Id*. The Court further concluded that it would be legitimate and non-discriminatory for an employer to look more favorably upon a job applicant who volunteered to help with early coordination for a program and gained familiar with a new technology the operation of which

3

the new position involved. *Id.* at 27-28. In sum, the Court concluded that Gethers failed to raise a triable issue of fact as to whether the Defendants preselected the successful applicant for a discriminatory reason given the fact that the successful applicant obtained superior knowledge of and experience with the computer program central to the position being filled in an fair and open volunteer posting process from which Gethers excluded himself.

III. <u>Statement of Law</u>

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). There are three grounds for granting a motion for reconsideration: intervening change in controlling law, the availability of newly discovered evidence or a need to correct a clear error or avoid manifest injustice. *Virgin Atl. Airways Ltd. v. National Mediation Board*, 956 F2d. 1245, 1255 (2d Cit. 1992). Evidence is "newly discovered" for the purpose of a motion for reconsideration if the movant "could not have discovered the new evidence earlier had he exercised due diligence." *Patterson v. Bannish*, 3:10-cv-1481, 2011 WL 2518749, at *1 (D. Conn. June 23, 2011); *Robinson v. Holland*, 3:02-cv-1943, 2008 WL 1924971, at *1 (D. Conn. Apr. 30, 2008) (same). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Wiseman v. Greene*, 204 F3d 393, 395 (2d Cir. 2000) (per curium).

IV. <u>Analysis</u>

Plaintiff asks the Court to reconsider its summary judgment decision and allow evidence of alleged discriminatory preselection at trial. In support, Plaintiff asserts (1) he "was never given the opportunity to volunteer at the face to face because I wasn't there with Mr. Falkner," and was not required to attend the meeting; (2) he has "repeated[ly] attempt[ed] . . . to assist with these technical projects, all of my offers went unanswered," and (3) "An offer at the face to face with limited personnel is illegal (according to the VA handbook Requirement 2).

As a preliminary matter, Plaintiff's motion is untimely. Any request for reconsideration must be filed no later than 14 days after the date of the disputed decision. Local R. Civ. P. 7(c). The Court published its summary judgment decision on April 5, 2017. Any motions for reconsideration must have been filed by April 19, 2017. Plaintiff's request, dated April 27, 2017, is eight days late and was not accompanied by a motion for extension of time as required by Local Rule of Civil Procedure 7(b).

Even if Plaintiff's request for reconsideration were timely, it falls short of the standard for reconsideration. The Court addressed his first argument, that he was not present at the VISN-1 meeting where the call for volunteers was announced, on summary judgment. [Dkt. 47 at 27.] The Court explained its evaluation of that evidence and its conclusion that because Plaintiff could have chosen to attend the meeting and hear the announcement, the announcement and subsequent acceptance of Falkner as a volunteer were not discriminatory

5

preselection. *Id.* Plaintiff offers no new evidence not previously discoverable or intervening change in the law which would alter the Court's decision.

Plaintiff's second and third arguments refer to evidence not before the Court on summary judgment. However, Plaintiff does not put forth the evidence that he repeatedly attempted to assist with technical projects without success. Even if he had presented such evidence, this would only explain why Plaintiff chose not to attend the meeting at issue or to volunteer. As for the propriety of the announcement, while Plaintiff asserts that the VA handbook prohibits accepting project volunteers through announcements at VISN-1 meetings, he does not allege that this fact was newly discovered and could not have been discovered earlier through due diligence. *Patterson*, 2011 WL 2518749 at *1. Further, while the VA handbook is not before the Court and the Court cannot verify its guidelines,[2] at summary judgment the Court was offered evidence that it is "typical for VISN-1 . . . to seek volunteers from the region's hospitals' [Clinical Engineering] services to assist with new initiatives and special projects." [Dkt. 33-8 (Second Declaration of Carolyn Mahoney) ("Mahoney Decl. 2") at 1.] This policy does not conflict with Plaintiff's account of the VA handbook: Plaintiff suggests the VA handbook prohibits an *offer* at a face to face meeting with limited personnel. [Dkt. 71 at 8.] The Court concluded on summary judgment that Falkner was not offered the job of permanent ARK/CIS coordinator at the VISN-1 meeting, but rather was allowed to volunteer to help coordinate initial program efforts. [Falkner Tr. At 17 (indicating Falkner helped to initiate ARK/CIS

---

[2] Defendants list the VA Handbook's Merit Promotion Chapter as an exhibit for trial. The Court's review of this proposed exhibit indicates it does not include the language to which Plaintiff refers.

6

in an informal capacity, was not compensated for his efforts, and in fact the role of ARK/CIS manager "did not exist" at the time he took on volunteer responsibilities).] Falkner was not offered the position until after he and Gethers had applied and interviewed. [Dkt. 33-19 (July 3, 2012 notice that Gethers was not selected for the management position); Dkt. 33-20 (July 17, 2012 announcement that Falkner had accepted the management position).]

Gethers has provided no newly discovered evidence not previously discoverable, upon the exercise of due diligence, which would require the Court to alter its decision. Nor does Gethers cite to any intervening change in the controlling law or a need to correct a clear error or avoid manifest injustice. *Virgin Atl. Airways Ltd.*, 956 F2d. at 1255.

V. <u>Conclusion</u>

For the foregoing reasons, to the extent Plaintiff's motion seeks reconsideration, it is DENIED.

IT IS SO ORDERED.

\_\_\_\_/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: May 5, 2017

7